IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 07-cr-00366-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  TYREE ABRAM,

    Defendant.

**ORDER ON MOTION FOR DISCLOSURE**

Miller, J.

    This matter is before me on Defendant's Motion for Disclosure of Pre-Sentence Investigation Reports (Docket No. 298).  The parties presented argument on the motion at a motions hearing on May 28, 2009.  I granted the motion with respect to the conduct and criminal history categories but reserved ruling with respect to any other disclosure.  After further consideration and for the reasons articulated below, I conclude that Parts A ("The Offense") and B ("Defendant's Criminal History") are the only portions of the reports that shall be disclosed.

    This case resulted from a federal wiretap investigation.  Defendant's charges all stem from an alleged drug robbery occurring in October 2006.  The three other defendants in this case, Felix Abram, Henderson Abram, and Cherie Moore, have all entered guilty pleas and are scheduled for sentencing hearings.  Defendant Tyree Abram ("Tyree" or "Defendant") is proceeding towards trial.  The trial has been continued to August 31, 2009.  It is expected that the three co-defendants, along with

Vernon Edwards, an alleged co-conspirator, and Garrett Crawford, the alleged victim, will testify against Defendant at trial. Both Mr. Edwards and Mr. Crawford are defendants in other federal criminal cases resulting from the same federal wiretap investigation that lead to the indictment in this case. They have each entered guilty pleas in those cases and are scheduled to be sentenced. Presentence Investigation Reports ("PSRs") have been prepared for each of these expected witnesses and the Government has been provided copies of the reports.

Defendant moves for an order requiring the Government to disclose the PSRs for each of the expected defendant/witnesses: Felix Abram, Henderson Abram, Cherie Moore, Vernon Edwards, and Garrett Crawford[1] (Docket No. 298). Defendant argues that disclosure is warranted because the PSRs often contain material that is required to be disclosed or material that would assist in the preparation of Defendant's defense. Defendant concedes that PSRs generally cannot be released without a court order, but moves for such an order based on his trial preparation needs. The Government responds that these reports contain "highly personal and confidential information" and, therefore, should be "jealously guarded."

Generally, PSRs are kept confidential and "courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States DOJ v. Julian*, 486 U.S. 1, 12 (1988) (emphasis in original) (addressing whether a defendant's PSR was subject to release to the defendant himself under the Freedom of Information Act). Generally, there are two

---

[1] The motion itself requests disclosure for all co-defendant/witnesses. The specific reports sought were articulated at the motions hearing.

concerns regarding releasing the PSRs to third parties: (1) "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report" and (2) "the need to protect the confidentiality of the information contained in the report." *Id.* "Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id.* Indeed, the Tenth Circuit has concluded that although "[c]oncerns about preserving the confidentiality of PSRs . . . weigh against disclosure of the report to a third party other than defendants who are the subjects of the report or their counsel . . ., "[i]n camera review by the trial court of a cooperating witness's PSR to determine whether it contains any discoverable information protects the witness's interest in confidentiality while preserving the defendant's trial rights." *United States v. Ventura*, 132 F.3d 44, 1997 WL 774750, at *2 (10th Cir. Dec. 7, 1997) (unpublished)[2] (citing *United States v. Figurski*, 545 F.2d 389, 392 (4th Cir. 1976)). Other circuits to address the issue have permitted disclosure when the report "was in the hands of a prosecutor as distinguished from the probation officer, or have ordered production of the parts of the report that contain impeaching material after in camera review by the court." *United States v. Sasser*, 971 F.2d 470, 480 (10th Cir. 1992); *accord Ventura*, 1997 WL 774750, at *2 ("Other circuits that have addressed this issue have similarly concluded that a defendant may be entitled to a witness's PSR if it is in the hands of the prosecutor as distinguished from the probation officer, . . . or,

---

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

in the alternative, have approved of in camera review of the report by the court and subsequent production of any impeaching material."). For example, the Second Circuit has adopted an approach where "the sentencing court examines requested presentence reports *in camera* for exculpatory or impeachment material that might aid the defendant requesting it [and] then determines if the policy of confidentiality is outweighed by a compelling need for disclosure to meet the ends of justice." *United States v. Molina*, 356 F.3d 269, 274 (2d Cir. 2004); *see also United States v. De Vore*, 839 F.2d 1330, 1332–33 (8th Cir. 1988) (reviewing the PSR and concluding that the district court did not fail to disclose any exculpatory evidence or impeachment material after an *in camera* review). Additionally, the Fifth Circuit has indicated that "Brady might well compel disclosure of relevant portions of the report" when "the prosecution *does* have in its possession (pursuant to Rule 32(c)(3)(D) and the sentencing court's discretion) a witness' presentence report containing exculpatory material." *United States v. Trevino*, 556 F.2d 1265, 1271, 1271 n.7 (5th Cir. 1977).

     In this case, the Government is in possession of all of the PSRs for the cooperating defendants. I note first that the Government continues to be subject to its ongoing duties to disclose relevant material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 105 (1972), and orders of this Court. I presume that the Government has complied with these duties in good faith. However, as a court order is generally necessary before the Government may disclose the contents of a PSR, *see Julian*, 486 U.S. at 12, I assume that the Government has not disclosed any PSR information which is not *Brady* or *Giglio* material or other matter subject to previous orders. Given the Government's possession of the PSRs for the

cooperating witnesses prior to trial, however, I conclude that disclosure of Parts A ("The Offense") and B ("Defendant's Criminal History") is appropriate so that each side is provided the same information. To protect confidentiality and willingness to disclose, as well as potential risk, the balance of the reports will not be disclosed as Defendant has not demonstrated any special need to compel such disclosure. Furthermore, I have made an *in camera* review of the remaining sections and conclude that it does not contain any exculpatory or obvious impeachment material.

Accordingly, it is ordered:

1. The Government shall disclose Part A ("The Offense") and Part B ("Defendant's Criminal History") of the presentence investigation reports for Felix Abram, Henderson Abram, and Cherie Moore in this case, No. 07cr00366-WDM; the presentence investigation report for Vernon Edwards in case No. 07cr00184-WYD; and the presentence investigation report for Garret Crawford in case No. 07cr00179-LTB.

2. Defense counsel shall maintain the confidentiality of the information contained in the reports and shall not make any copies thereof.

DATED at Denver, Colorado, on June 3, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge